Alan M. Lieberman
Mark Kreitman
James D. Fielder

**Attorneys For Plaintiff**
**SECURITIES AND EXCHANGE COMMISSION**
**100 F Street, NE**
**Washington, DC 20549-4631**
**(202) 551-4474**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, NE<br><br>Washington, DC 20549-4631<br><br>                                   Plaintiff,<br><br>v.<br><br><br>JOHN R. BEHRMANN<br>    AND<br>MARGARET M. EARDLEY<br><br><br><br>                                   Defendants. | **Jury Trial Demanded**<br><br><br><br><br><br><br><br>05 Civ. _____ |

---

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against Defendants John R. Behrmann ("Behrmann") and Margaret M. Eardley ("Eardley") (collectively the "Defendants"), alleges as follows:

## SUMMARY

1.      This action involves financial reporting fraud in connection with the First American Health Concepts, Inc. ("First American" or the "Company") annual report for fiscal year 1999 and its quarterly report for the second quarter for fiscal year 2000 filed with the Commission.

2.      In the fourth quarter of 1998, the engagement partner of First American's independent auditor issued a management letter to First American, which described "the lack of timely reconciliations between the accounts receivable subsidiary ledgers and the general ledger" as the most significant problem identified in the 1998 audit.

3.      In October 1998, shortly after she joined the Company as Chief Financial Officer ("CFO"), Eardley became aware of the accounts receivable discrepancies and brought them to the attention of Behrmann and the other Board members. Behrmann and Eardley signed First American's Form 10-KSB for fiscal 1999 disregarding the potential material impact on the Company's financial reporting. As a result, the Company's reported receivables of $2,407,000 were overstated by $892,000 or 59% and the Company's reported fiscal 1999 pretax income of $693,000 was also overstated by $892,000, resulting in a loss of $199,000.

4.      The Company's independent auditors recommended to the Company that it obtain a five-day extension for the filing of its Form 10-QSB for the second quarter of fiscal 2000 pending the restatement of the Company's 1999 Form 10-K, because the Form 10-QSB would be materially affected by the restatement. Defendant Behrmann with actual knowledge of the auditors' concerns and recommendation decided that the Form 10-QSB should be filed "as is." This resulted in the Company's reported income for the second quarter being overstated by 46%.

## JURISDICTION AND VENUE

5.  The Commission brings this action pursuant to authority conferred by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d), seeking to permanently enjoin Behrmann from engaging in the wrongful conduct alleged in this Complaint. The Commission seeks a final judgment ordering Defendants to pay civil money penalties and other relief pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d).

6.  This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d), 77u(e) and 78aa. Defendants directly or indirectly, singly or in concert, have made use of the means or instrumentalities of transportation or communication in, or the instrumentalities of, interstate commerce, or of the mails, in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

7.  Venue lies in this district pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa. Certain of the acts constituting the violations alleged herein occurred within the District of Columbia, including the filing of false financial reports.

## DEFENDANTS

8.  John R. Behrmann was a member of the Company's Board of Directors from approximately 1994 and its Chairman from 1996 until 2000 and a Director until early 2001. Behrmann is a Certified Public Accountant ("CPA"), but at all times relevant hereto his CPA license was inactive. He is a resident of the Commonwealth of Pennsylvania.

9.  Margaret M. Eardley was the CFO of the Company from October 1998 until her resignation on March 15, 2000. She is a resident of Arizona.

## RELEVANT ENTITY

10. First American Health Concepts, Inc. was an Arizona corporation headquartered in Phoenix with common stock registered with the Commission pursuant to Section 12(b) of the Exchange Act and listed on the American Stock Exchange. As of January 31, 2001, First American had 2,635,691 shares of common stock outstanding. First American marketed and administered vision care programs including programs underwritten by various insurance carriers. In 2001, Luxottica Group S.p.A., an Italian company, acquired First American for cash. First American is no longer a public company.

## THE 1999 FORM 10-KSB

11. Behrmann played an active role in the accounting, financial reporting, and operations of the Company at all relevant times.

12. In or about October 1998, Behrmann became aware of a management letter from the Company's independent auditors that the Company's accounts receivable had not been reconciled for at least a year and were "out of balance" with the general ledger.

13. At about this same time, Eardley, the Company's recently hired CFO, became aware of the accounts receivable problem and brought it to Behrmann's attention, as well. She told Behrmann that the reconciliation of the receivable ledgers and the general ledger had not been performed for several years. But Behrmann directed Eardley to focus on other projects unrelated to the accounts receivable problem and Eardley complied.

14. On October 19, 1999, knowing that the accounts receivable ledgers and the general ledger had not been reconciled and without regard for whether this significant accounting issue would have a material impact on the Company's financials, Behrmann and Eardley signed the Company's 1999 Form 10-KSB.

15. The Company's 1999 Form 10-KSB as signed by Behrmann and Eardley and filed with the Commission overstated the Company's reported receivables by 59 percent. The overstated receivables allowed the Company to report pre-tax income of $693,000 when, in fact, the Company had incurred a loss of $199,000.

## THE SECOND QUARTER 2000 FORM 10-QSB

16. In or about early March 2000, the Company's independent auditors were preparing a restatement of the 1999 Form 10-KSB and the first quarter 2000 Form 10-QSB resulting from corrections of the Company's reserves, tax expense and other expenses. The independent auditors recommended that the Company obtain a five-day extension for the filing of its second quarter Form 10-QSB because the financials for the second quarter would be affected by the restatement.

17. At a March 13, 2000 meeting of the Company's Board of Directors, Behrmann, who was both Chairman and a CPA, recommended that the Board ignore the concern of the independent auditors and file the second quarter Form 10-QSB "as is" and on time despite knowing that the audit work related to the forthcoming restatements of the 1999 Form 10-KSB and the first quarter 2000 Form 10-QSB would also affect the Company's second quarter financial statements. The second quarter 2000 Form 10-QSB as filed overstated income by 46 percent.

## FIRST CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### (Against Defendant Behrmann)

18. The Commission realleges and incorporates by reference herein the averments of paragraphs 1 through 17 of the Complaint.

19. Defendant Behrmann, by engaging in the conduct set forth above, acted in violation of Section 10b of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R.§ 240.10b-5] thereunder.

## SECOND CLAIM FOR RELIEF
### Violations of Section 13(b)(5) of the Exchange Act and Rule 13b2-1
### (Against Behrmann)

20. The Commission realleges and incorporates by reference herein the averments of paragraphs 1 through 17 of the Complaint.

21. Defendant Behrmann knowingly circumvented or knowingly failed to implement a system of internal accounting controls or knowingly falsified books, records and accounts described in Section 13(b)(2) of the Exchange Act [15 U.S.C.§ 78m(b)(2)], in violation of Section 13(b)(5) [15 U.S.C.§ 78m(b)(5)] and Rule 13b2-1 [17 C.F.R.§240.13b2-1] thereunder.

## THIRD CLAIM FOR RELIEF
### Violations of Section 13(b)(5) of the Exchange Act
### (Against Eardley)

22. The Commission realleges and incorporates by reference herein the averments of paragraphs 1 through 17 of the Complaint.

23. Defendant Eardley knowingly circumvented or knowingly failed to implement a system of internal accounting controls in violation of Section 13(b)(5) [15 U.S.C.§ 78m(b)(5)].

## FOURTH CLAIM FOR RELIEF
### Aiding and Abetting Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13
### (Against Defendant Behrmann)

24. The Commission realleges and incorporates by reference herein the averments of paragraphs 1 through 17 of the Complaint.

25.     Defendant Behrmann, by engaging in the conduct set forth above, aided and abetted violations of Section 13(a) of the Exchange Act, 15 U.S.C. §78m(a) and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§240.12b-20, 240.13a-1, and 240.13a-13] thereunder.

### FIFTH CLAIM FOR RELIEF
### Aiding and Abetting Violations of
### Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act
### (Against Defendant Behrmann)

26.     The Commission realleges and incorporates by reference herein the averments of paragraphs 1 through 17 of the Complaint.

27.     Defendant Behrmann, by engaging in the conduct set forth above, aided and abetted violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)].

### PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court enter Final Judgment of Permanent Injunction and Other Relief:

I.

Permanently enjoining Behrmann from violating Sections 10(b) and 13(b)(5) of the Exchange Act and Rules 10b-5 and 13b2-1, thereunder.

II.

Permanently enjoining Behrmann from aiding and abetting violations of Sections 13(a) and 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules12b-20, 13a-1 and 13a-13, thereunder.

7

III.

Barring Behrmann from serving as an officer or director of any issuer required to file reports with the Commission under Sections 12(b), 12(g), or 15(d) of the Exchange Act [15 U.S.C. §§ 78l(b), 78l(g), and 78o(d)], pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

IV.

Ordering Behrmann and Eardley each to pay an appropriate civil monetary penalty under Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

V.

Retaining jurisdiction over this action to implement and enforce the terms of all orders and decrees that may be entered.

VI.

Granting such other and further relief as this Court deems just and proper.

Dated: August 15, 2005

Washington, D. C.

By: *(signature)*

Alan M. Lieberman
Mark Kreitman (DC Bar # MK 8935)
James David Fielder
Attorneys For Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
100 F Street, NE
Washington, DC 20549-4631