UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION,
100 F Street, NE

Washington, DC 20549-4631

       Plaintiff,

  v.

JOHN R. BEHRMANN
  AND
MARGARET M. EARDLEY,

       Defendants.

---

**FILED**

AUG 17 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1640

05 Civ. ____

### FINAL JUDGMENT AS TO DEFENDANT JOHN R. BEHRMANN

The Securities and Exchange Commission having filed a Complaint and Defendant John R. Behrmann having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] thereunder by knowingly: (1) circumventing or failing to implement a system of internal accounting controls; or (2) falsifying any books, records or accounts.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] promulgated thereunder, by knowingly

2

providing substantial assistance to an issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], by filing or causing to be filed with the Securities and Exchange Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly providing substantial assistance to: (1) the failure of any issuer which has a class of securities registered pursuant to section 12 of the Exchange Act and any issuer which is required to file reports pursuant to 15(d) of the Exchange Act to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of such issuer's assets; (2) the failure of any such issuer to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that such issuer's corporate transactions are executed in accordance with management's general or specific authorization and recorded as necessary to permit the preparation of financial statements in

conformity with generally accepted accounting principles: or (3) falsifying or causing to be falsified any book. record, or account subject to Section 13(b)(2)(A) of the Exchange Act.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $75,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check. bank cashier's check. or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission. Operations Center, 6432 General Green Way, Mail Stop 0-3. Alexandria, Virginia 22312, and shall be accompanied by a letter identifying John Behrmann as a defendant in this action: setting forth the title and civil action number of this action and the name of this Court;

and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 17, 2005

_____
UNITED STATES DISTRICT JUDGE